FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 MAR 29 AM 11:42
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

OWNERS INSURANCE COMPANY, )
)
    Plaintiff, )
)
v. ) CASE NO. CV417-021
)
THE REMODELING DEPOT, INC.; )
KENNETH WAYNE HOSTI; JOANN )
LYON; and MICHAEL E. LINDSEY; )
)
    Defendants. )
)

## O R D E R

Before the Court is Defendants Remodeling Depot, Inc. and Kenneth Wayne Hosti's Motion to Dismiss. (Doc. 28.) For the following reasons, Defendants' motion is **DENIED**. However, Plaintiff Owners Insurance Company's claim for a declaratory judgment regarding its duty to indemnify is **STAYED**.

### BACKGROUND

This case involves a dispute over insurance coverage for alleged acts of negligence with respect to a home renovation. In May 2015, Defendants Joann Lyon and Michael E. Lindsey ("Homeowners") hired Defendant Remodeling Depot, Inc., owned by Defendant Kenneth Wayne Hosti,[1] to remodel

---

[1] The Court will refer to these last two parties collectively as Defendant Remodelers.

part of their home. (Doc. 1 ¶¶ 10-11.) Defendant Hosti personally supervised and directly participated in the construction. (Id. ¶ 13.) The project was to commence on March 18, 2015 and be completed by May 1, 2015. (Id. ¶ 12.)

Zoning issues delayed the start of construction. (Id. ¶ 15.) In addition, Defendant Homeowners were unhappy with the quality of Defendant Remodeling Depot's work. (Id. ¶ 16.) Ultimately, Defendant Homeowners filed suit in the State Court of Chatham County alleging that Defendant Remodeling Depot "failed to perform its design and construction work in a timely and workmanlike manner, failed to ensure that costs of the Project were reasonable and necessary, failed to apply payments made by Homeowners to costs of the Project, and failed to complete the work substantially and in accordance with plans and specifications." (Id.) Defendant Homeowners alleged that Defendant Hosti was also responsible for these shortcomings because he negligently failed to properly administer, direct, and supervise the project. (Id. ¶ 18.)

Defendant Remodelers is covered by a commercial general liability insurance policy issued by Plaintiff. (Id. ¶ 21.) Based on this policy, Defendant Remodelers seek to have Plaintiff both defend and indemnify them in the State Court lawsuit. (Id. ¶ 22.) Plaintiff provided

Defendant Remodelers with a reservation-of-rights letter and then undertook the defense in that proceeding. (Id. ¶¶ 23-24.) However, Plaintiff filed suit in this Court seeking a declaratory judgment that it does not have a duty to either defend or indemnify Defendant Remodelers in the underlying State Court action because the commercial general liability policy does not provide coverage for the alleged wrongful conduct in that case. (Id. ¶ 25.)

In their Motion to Dismiss, Defendant Remodelers argue that the issue of indemnification is not ripe for adjudication because no insured has been deemed liable for any loss. (Doc. 28 at 3-4.) Also, Defendant Remodelers contend that the issue concerning Plaintiff's duty to defend in the underlying state court case should be dismissed because Plaintiff prejudicially delayed bringing this declaratory judgment action. (Id. at 5-6.) Finally, Defendant Remodelers maintain that this Court should abstain from exercising jurisdiction over this case in favor of the underlying action in state court. (Id. at 6-10.)

In response, Plaintiff argues that it should be permitted to present evidence concerning its duty to indemnify. (Doc. 30 at 8-10.) Plaintiff also contends that it has not unreasonably prejudiced Defendant Remodelers by

any delay in filing this case. (Id. at 10-14.) Finally, Plaintiff maintains that abstention would be improper in this case because there is not a parallel state court proceeding that involves identical parties and issues. (Id. at 14-23.)

**ANALYSIS**

I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (quoting Twombly, 550 U.S. at 557) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

4

'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quotations omitted) (quoting Iqbal, 556 U.S. at 678). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Additionally, a complaint is sufficient only if it gives "fair notice of what the . . . claim is and the grounds upon which it rests." Sinaltrainal, 578 F.3d at 1268 (quotations omitted) (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Sinaltrainal, 578 F.3d 1252 at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover,

5

"unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's] allegations." Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545).

II. DUTY TO DEFEND

In Georgia, an insurer's duty to defend and duty to indemnify are separate and distinct obligations. Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc., 268 Ga. 564, 565, 490 S.E.2d 374, 376 (1997). The question of whether an insurer has a duty to indemnify is unripe for adjudication by a declaratory judgment until the insured has been held liable in the underlying proceeding. See Edwards v. Sharkey, 747 F.2d 684, 686 (11th Cir. 1984); Smithers Constr., Inc. v. Bituminous Cas. Corp., 563 F. Supp. 2d 1345, 1349 (S.D. Fla. 2008) ("[A]n insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in

6

the underlying suit.") (citations omitted); Emp'rs Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc., 387 F. Supp. 2d 1205, 1211–12 (S.D. Ala. 2005) ("It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insured's liability."). While some district courts elect to dismiss the indemnity portion of a plaintiff's complaint, others simply stay adjudication of that portion. Compare Auto-Owners Ins. Co. v. Deerlake Homeowners Ass'n, Inc., 2:11-CV-215, 2012 WL 1038748 (N.D. Ga. Mar. 27, 2012) (dismissing claim for determination of duty to indemnify, but leaving claim for determination of duty to defend), with Accident Ins. Co. v. Greg Kennedy Builder, Inc., 159 F. Supp. 3d 1285, 1293 (S.D. Ala. 2016) (staying case until either final determination of duty-to-defend or determination of liability in underlying state court action).

In this case, the Court elects to stay, rather than dismiss, the indemnity claims in Plaintiff's complaint. While they are separate duties, the duty to defend is broader than the duty to indemnify. See Shafe v. Am. States Ins. Co., 288 Ga. App. 315, 317, 653 S.E.2d 870, 873 (2007) ("[A]n insurer's duty to defend is broader than its duty to

7

indemnify."). Therefore, "[i]f there is no duty to defend, there is no duty to indemnify." Nat'l Cas. Co. v. Pickens, 582 F. App'x 839, 841 (11th Cir. 2014). Staying this portion of Plaintiff's complaint seems more appropriate because a determination that Plaintiff has no duty to defend will necessarily resolve whether it has a duty to indemnify. Accordingly, Defendant Remodeler's request for dismissal is denied, but this portion of Plaintiff's complaint is stayed until either this Court determines that Plaintiff does not have a duty to defend, or the State Court in the underlying proceeding resolves the issue of the insured's liability.

III. LACHES

Defendant Remodelers argue that the Court should dismiss Plaintiff's complaint because they have been unduly prejudiced by Plaintiff's delay in filing this case. (Doc. 28 at 5-6.) However, resolution of this issue would require the development of facts not contained in either Plaintiff's complaint or Defendant's motion. Specifically, an insurer's obligation to defend a case begins upon the filing of an answer in the underlying State Court proceeding. See S. Gen. Ins. Co. v. Buck, 202 Ga. App. 103, 105 n.1, 413 S.E.2d 481, 483 n.1 (1991) (citing Kelly v. Lloyd's of London, 255 Ga. 291, 293-94, 336 S.E.2d 772, 775

(1985)). However, both Plaintiff's complaint and Defendant Remodelers' motion lack any reference to when that answer was filed. Moreover, factual development is required to determine any prejudice Defendant Remodelers would suffer should the Court determine Plaintiff lacks a duty to defend. Accordingly, this portion of Defendant Remodelers' motion is denied because dismissal based on laches would be premature at this time.

IV. ABSTENTION

Defendant Remodelers contend that this Court should abstain from deciding this case during the pendency of the underlying State Court proceedings. (Doc. 28 at 6-10.) The Declaratory Judgment Act provides federal courts with the authority, not an absolute duty, to make a declaration of rights. Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942)). In this respect, the Supreme Court has cautioned against proceeding in a declaratory judgment actions "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. (quoting Brillhart, 316 U.S. at 495).

Abstention is unwarranted in this case. The underlying State Court action is not between the same parties and does

not present the same issues as this case. Plaintiff is not a party to the underlying State Court action. Moreover, that case presents issues of liability, not coverage. Accordingly, Defendant Remodelers' request for this Court to exercise its discretion and abstain from adjudicating this case is denied.[2]

**CONCLUSION**

For the foregoing reasons, Defendant Remodelers' Motion to Dismiss (Doc. 28) is **DENIED**. However, Plaintiff's claim for a declaratory judgment regarding its duty to indemnify is **STAYED**.

SO ORDERED this 29th day of March 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Even assuming the applicability to this case of the nine factors outlined in Ameritas, 411 F.3d at 1330-31, this Court remains skeptical that abstention would be appropriate.